ORIGINAL

FILED
JUN 30 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Leadbetter Family LLP, a Montana Limited Liability Partnership, and Deborah Leadbetter, as Tax Matters Partner,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | § | Case No. 06-492 T |

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER 26 U.S.C. § 6226**

Plaintiffs Leadbetter Family LLP, a Montana limited liability partnership, and Deborah Leadbetter, as tax matters partner (collectively "Plaintiffs"), file this Complaint for Readjustment of Partnership Items Under 26 U.S.C. § 6226 (the "Complaint") against Defendant, the United States of America. In support of this Complaint, Plaintiffs will show the Court as follows:

## I. PARTIES

1. **Plaintiff Leadbetter Family LLP (the "Partnership")** is a Montana limited liability partnership. Its principal place of business is at 9477 River Road, Bozeman, Montana 59718. The Partnership's Federal Employer Identification Number is 81-0519611.

2. **Plaintiff Deborah Leadbetter ("Deborah Leadbetter")** is a resident of Montana with a legal residence and mailing address of 9477 River Road, Bozeman, Montana 59718. Deborah Leadbetter is a 0.00859% partner in the Partnership.

3. For the tax year at issue (1999), Deborah Leadbetter filed a joint return with her husband, Dan Leadbetter ("Dan Leadbetter").

4. Deborah Leadbetter's Social Security Number is 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. Dan Leadbetter's Social Security Number is 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.

5. Deborah and Dan Leadbetter are collectively referred to as the "Taxpayers" in this Complaint.

6. On April 6, 2006, the Commissioner of Internal Revenue (the "Commissioner") issued a Notice of Final Partnership Administrative Adjustment ("FPAA") against the Partnership for tax year ending December 31, 1999. The Commissioner issued the FPAA from the Internal Revenue Service ("IRS") office at Boston, Massachusetts. A copy of the FPAA is attached to this Complaint as Exhibit "A."

7. The proposed adjustments in the FPAA would result in deficiencies for each of the Taxpayers because their taxable income, through their respective direct and indirect interests in the Partnership, would be increased if the adjustments set forth in the FPAA were upheld.

8. Plaintiffs are filing this Complaint within ninety days after the day on which the FPAA was mailed to the tax matters partner, Deborah Leadbetter.

9. According to Section 6226(a) of the Internal Revenue Code (the "Code"), Plaintiffs have standing to bring this Complaint.

## II. DEFENDANT

10. Defendant is the United States of America and will be served in accordance with Rule 4 of the Rules of the United States Court of Federal Claims.

## III. STATEMENT OF CASE

11. This is a civil action arising under Section 6226(a) of the Code for the redetermination of final partnership administrative adjustments to the Partnership's Form 1065 income tax return for the tax year ended December 31, 1999, as set forth by the Commissioner in the FPAA.

12. For the tax year ended December 31, 1999, the Commissioner erroneously and illegally determined that: (a) the form of the transactions at issue should be recharacterized or disregarded under a number of different theories; (b) the Partnership should be disregarded as a partnership for federal income tax purposes; and (c) several corresponding adjustments should be made to Plaintiffs' tax liabilities.

## IV. JURISDICTION AND VENUE

13. Code Section 6226(a) confers jurisdiction on this Court.

14. For jurisdiction purposes, Plaintiffs have complied with the requirements of Code Section 6226(e) by having Deborah Leadbetter deposit the amount by which her federal income tax liability would be increased if treatment of the Partnership items on her tax returns for the tax years at issue were made consistent with the treatment of partnership items on the Partnership's tax returns as adjusted by the Commissioner in the FPAA. This amount is referred to herein as the Deposit.

15. The Deposit in the total amount of $1,535,506.00 was delivered to the Internal Revenue Service at Internal Revenue Service Center, Fresno, CA 93888-0002.

16. A copy of the letter and a redacted copy of the check sent to the IRS representing the above Deposit are attached to this Complaint as Exhibit "B."

## V. COMMISSIONER'S ERRORS IN FPAA

17. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth here.

18. The Commissioner erred in determining that:

(a) A Notice of Partnership Administrative Adjustment could result in a deficiency to any direct or indirect partner of the Partnership.

(b) The Partnership was availed of for improper tax avoidance purposes by artificially overstating basis in the partnership interests of its partners.

(c) The acquisition of short positions in Treasury Notes, the contribution of Treasury Note positions to the Partnership and the assignment of partnership interests in the Partnership to Deborah L. Leadbetter, Dan J. Leadbetter, Joel D. Leadbetter, Jill L. Connolly, Kirk C. Leadbetter, John P. Connolly, Valley Garden Ranch, Inc. and Win-Del, LLP had no business purposes, lacked economic substance and constituted, in fact and substance, an economic sham for federal income tax purposes.

(d) The Partnership was availed of to conduct sham transactions in the taxable year ending December 31, 1999.

(e) The Partnership failed to establish that it existed for income tax purposes.

(f) All transactions relating to the Treasury Notes engaged in by the Partnership should be treated as engaged in directly by its partners.

(g) The proceeds from the short sale of the Treasury Notes and other asset contributed to the Partnership should be treated as never having been contributed to the Partnership and any gains or losses purportedly realized by the Partnership should be treated as having been realized by the partners of the Partnership.

(h) The partners of the Partnership should be treated as not having been partners in the Partnership for purposes of the transactions involving the Treasury Notes.

(i) Contributions to the Partnership should be adjusted to reflect the Partnership's income and the income of the Partnership's partners.

(j) Neither Partnership nor its partners entered into or acquired the Treasury Notes with a profit motive.

(k) The amount of partnership liabilities of the Partnership includes the aggregate obligations to close the open short sale positions in the Treasury Notes.

(l) There was no excess of outside basis over inside basis and, thus, no adjustment under Section 743.

(m) The Partnership failed to establish that its basis in real estate sold during the tax year ending December 31, 1999 was greater than zero.

(n) The gain from the sale of the land should be increased from $1,234,622 to $6,724,000.

(o) Capital contributions made during the tax year ending December 31, 1999 were $0 rather than the amount reflected on the partnership tax return of $4,011,135.

(p) The outside bases of the Partnership held by its partners should be disallowed in the amount of $5,256,338 for the tax year ending December 31, 1999.

(q) The adjustments of the Partnership's partnership items are attributable to a tax shelter for which no substantial authority has been established and for which there was no reasonable belief by the Partnership or its partners that the position taken was more likely than not the correct treatment.

(r) The underpayments of tax resulting from the adjustments of partnership items are attributable to (1) substantial understatements of income tax, (2) gross valuation misstatement(s) or (3) negligence or disregarded rules or regulations.

(s) There was no reasonable cause for any of the resulting underpayments, that the Partnership and its partners did not act in good faith and that no other exceptions to the penalty applies.

(t) The accuracy-related penalty under Section 6662 applies to the underpayments of tax attributable to the Partnership's partnership item adjustments.

## VI. CORRECT TREATMENT OF TAX ITEMS

19. Plaintiffs incorporate paragraphs 1 through 18 as though fully set forth here.

20. The facts upon which the Plaintiffs rely as the basis of their case are as follows:

(a) Plaintiffs properly determined all items of income, losses, deductions, and credits of the Partnership for the tax year ending December 31, 1999.

(b) The Partnership was not formed or availed of for an improper tax avoidance purpose by artificially overstating basis in the partnership interests of its partners.

(c) The formation of the Partnership, the acquisition of short positions in Treasury Notes, the contribution of Treasury Note positions to the Partnership and the assignment of partnership interests in the Partnership to Deborah L. Leadbetter, Dan J. Leadbetter, Joel D. Leadbetter, Jill L. Connolly, Kirk C. Leadbetter, John P. Connolly, Valley Garden Ranch, Inc. and Win-Del, LLP had business purposes, economic substance and did not constitute, in fact or substance, an economic sham for federal income tax purposes.

(d) The Partnership was not availed of to conduct sham transactions in the taxable year ending December 31, 1999.

(e) The Partnership existed for income tax purposes.

(f) Treas. Reg. § 1.701-2 is invalid and inapplicable to the facts of this case.

(g) The transactions engaged in by the Partnership were not engaged in by its partners.

(h) The Partnership's partners contributed the proceeds from the short sale of the Treasury Notes to the Partnership and the transactions were not realized by the Partnership's partners.

(i) The partners of the Partnership were partners in the Partnership for all purposes.

(j) The contributions to the Partnership clearly reflect the Partnership's income and the income of the Partnership's partners.

(k) The Partnership and its partners entered into or acquired the Treasury Notes with a profit motive.

(l) The short positions transferred to the Partnership did not constitute partnership liabilities and would not reduce the partners' basis.

(m) Temporary Treas. Reg. 1.752-6T is invalid and inapplicable to the facts of this case.

(n) There was an excess of outside basis over inside basis and, thus, an adjustment under Section 743 was appropriate.

(o) The Partnership did not fail to establish the basis in the real estate sold during the tax year ending December 31, 1999 was other than zero.

(p) The Partnership's basis in real estate sold during the tax year ending December 31, 1999 was $5,465,378.

(q) The gain from the sale of the land was correctly reported as $1,234,622.

(r) The capital contributions made during the tax year ending December 31, 1999 were the amount reflected on the partnership tax return of $4,011,135.

(s) Assuming some or all of the Commissioner's adjustments are correct, the adjustments of the Partnership's partnership items are attributable to positions for which there is substantial authority and for which there is a reasonable belief by the Partnership or its partners that the position taken was more likely than not the correct treatment.

(t) Assuming some or all of the Commissioner's adjustments are correct, the underpayments of tax resulting from the adjustments of partnership items are not attributable to (1) substantial understatements of income tax, (2) gross valuation misstatement(s) or (3) negligence or disregarded rules or regulations.

(u) Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to items for which the relevant facts were adequately disclosed in Plaintiffs' returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the Taxpayers.

(v) The transactions at issue in this case do not constitute a tax shelter.

(w) In the alternative, even if the Transactions do constitute a tax shelter, Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is, based on the foregoing, attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, Plaintiffs reasonably believed that the tax treatment of such item by Plaintiffs was more likely than not the proper treatment.

(x) Plaintiffs relied on the advice provided by tax professionals including, but not limited to, Arthur Andersen LLP. In addition, the reliance on such advice was reasonable and in good faith. Thus, under the authority of Code Section 6664(c)(1) and Treasury Regulation

§ 1.6664-4, Plaintiffs are not subject to the penalties imposed by the IRS under Code Section 6662.

(y) Assuming some or all of the Commissioner's adjustments are correct, there was reasonable cause for the Partnership's positions and the Partnership acted in good faith.

(z) In every other respect, the federal tax consequences of the transactions at issue in this case are as reported by Plaintiffs on their federal tax returns.

## VII. STATUTE OF LIMITATIONS

21. The adjustments reflected in the FPAA for the 1999 tax year are barred in their entirety by the three-year statute of limitations in Sections 6229 and 6501.

22. The Partnership filed its return for the 1999 tax year on or before April 17, 2000.

23. The Taxpayers (and all other direct and indirect partners of the Partnership) filed their individual returns for the 1999 tax year on or before April 17, 2000.

24. As such, the three-year statute of limitations for the 1999 tax year expired on or before December 31, 2003 under Sections 6229 and 6501(a).

25. No part of the adjustments reflected in the FPAA would result in an increase to the Taxpayers' tax liability (or the tax liability of any other direct or indirect partner of the Partnership) for any tax year currently open under the statute of limitations periods set forth in Sections 6501 or 6229.

## VIII. PRAYER

Plaintiffs respectfully pray for judgment against Defendant and respectfully ask the Court to declare the FPAA invalid or alternatively to order Defendant to reverse the adjustments set forth in the FPAA; Plaintiffs further pray that the Court order Defendant to return the Deposit

plus interest to Plaintiffs. Plaintiffs also request that the Court grant them such further relief, legal or equitable, to which they may be entitled.

Respectfully submitted on June 29, 2006

By: ______________________________
Rick D. Bailey, attorney of record
Colorado State Bar No. 26554

Alan Poe, of counsel
Colorado State Bar No. 7641

HOLLAND & HART LLP
8390 East Crescent Parkway, Suite 400
Greenwood Village, CO 80111
(303) 290-1616 Telephone
(303) 290-1606 Facsimile
rbailey@hollandhart.com
apoe@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

Notice 2000-44 Case

**Internal Revenue Service**
15 New Sudbury Street
Stop 41100
Boston, MA 02203

**Department of the Treasury**

Refer To: SE:S:E:TS:W:TE

Taxpayer Identifying Number:

Name of Partnership: Leadbetter Family LLP

Partnership Identifying Number: 81-0519811

Tax Year Ended: December 31, 1999

Date FPAA Mailed to the Tax Matters Partner:

APR 6 2006

Person to Contact: Mr. J. Heinlin
Employee Number: 04-03576

Contact Hours: 8:00 AM - 4:30 PM (Monday - Friday)

Contact Telephone Number: (617) 316-2421
(not a toll free number)

Date: APR 6 2006

Tax Matters Partner
Leadbetter Family LLP
9477 River Road
Bozeman, MT 59718

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership Items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
A

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Deborah L. Bennett
Technical Services TM - North Atlantic

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8-2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: SE:S:E:TS:W:TE |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br>Tax Matters Partner<br>Leadbetter Family LLP<br>9477 River Road<br>Bozeman, MT 59718<br><br>Taxpayer Identifying Number: | Name of Partnership:<br>Leadbetter Family LLP<br>Taxpayer Identifying Number:<br>81-0519611<br>Name of Tax Matters Partner: | Tax Year(s) Ended:<br>December 31, 1999 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b) and 6213(d), also waive the restrictions provided by sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE

**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Leadbetter Family LLP<br>TAXPAYER IDENTIFYING NUMBER: 81-0519611 | Dec. 31, 1999 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | | | |
| OTHER ADJUSTMENTS | | | |
| A. Capital Contributions (Sch. M-2 Line 2) | | | |
| (1) ADJUSTMENT | ($4,011,135.) | | |
| (2) AS REPORTED | $4,011,135. | | |
| (3) CORRECTED | $0. | | |
| B. Net Section 1231 gain (loss) (Sch. K Line 6) | | | |
| (1) ADJUSTMENT | $5,489,378. | | |
| (2) AS REPORTED | $1,234,622. | | |
| (3) CORRECTED | $6,724,000. | | |

REMARKS

- Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination. See Exhibit A, paragraph 7 for a description of the penalties.

## Form 870-PT, Other Adjustments (Continued)

Page ____ of ____

| NAME OF PARTNERSHIP<br><br>Leadbetter Family LLP<br><br>TAXPAYER IDENTIFYING NUMBER 81-0519611 | TAX YEAR(S) ENDED<br>Dec. 31, 1999 | | |
|---|---|---|---|
| C. **Outside Partnership Basis** | | | |
| (1) ADJUSTMENT | <$5,256,338>* | | |
| (2) AS REPORTED | $5,256,338* | | |
| (3) CORRECTED | $0* | | |
| | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| E. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |

**In Re: Leadbetter Family LLP** **December 31, 1999**

## EXPLANATION OF ITEMS

**A. Capital Contributions (Sch. M-2 Line 2)** **($4,011,135.)**

It is determined that capital contributions are $0. in lieu of the amount of $4,011,135. reflected on the partnership income tax return for the tax year ending December 31, 1999. Reference Exhibit A attached hereto.

**B. Net Section 1231 gain (loss) (Sch. K Line 6)** **$5,489,378.**

It is determined that the net section 1231 gain is $6,724,000. in lieu of the amount of $1,234,622. reflected on the partnership income tax return for the tax year ending December 31, 1999. Reference Exhibit A attached hereto.

**C. Outside Partnership Basis** **($5,256,338.00)**

It is determined that the outside partnership basis is disallowed in the amount of $5,256,338. Reference Exhibit A attached hereto.

EXHIBIT A – Explanation of Items
**Leadbetter Family, LLP**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999** **TIN: 81-0519611**

1. It is determined that Leadbetter Family, LLP was availed of for improper tax avoidance purposes by artificially overstating basis in the partnership interests of its partners through a transaction that was substantially similar to that described in Notice 2000-44, 2000-36 CB 225 (September 5, 2000). The transactions involving short sales of Treasury Notes, the acquisition of short positions in said Treasury Notes, the contribution of said Treasury Note positions to Leadbetter Family, LLP and the assignment of partnership interests in Leadbetter Family, LLP to Deborah L. Leadbetter, Dan J. Leadbetter, Joel D. Leadbetter, Jill L. Connolly, Kirk C. Leadbetter, John P. Connolly, Valley Garden Ranch, Inc., and Win-Del, LLP had no business purpose, lacked economic substance, and, in fact and substance, constitute an economic sham for federal income tax purposes.

2. It is determined that Leadbetter Family, LLP was availed of to conduct sham transactions in taxable year ending December 31, 1999 a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. Accordingly, even if it can otherwise be shown that Leadbetter Family, LLP was a partnership for federal income tax purposes, it is determined under §1.701-2 of the Income Tax Regulation that:

    a. All transactions relating to the Treasury Notes by Leadbetter Family, LLP are treated as engaged in directly by its partners.

    b. The proceeds from the short sale of the Treasury Notes and other assets purportedly contributed to Leadbetter Family, LLP are treated as never having been contributed to said partnership and any gains or losses purportedly realized by said partnership are treated as having been realized by its partners.

    c. The partners of Leadbetter Family, LLP should be treated as not being partners in Leadbetter Family, LLP for purposes of the transactions involving the Treasury Notes.

    d. Contributions to Leadbetter Family, LLP will be adjusted to reflect clearly said partnership's or its purported partners' income.

3. It is determined that neither Leadbetter Family, LLP nor its partners entered into or acquired the short sale Treasury Notes with a profit motive for purposes of I.R.C. § 165(c)(2).

4. Under I.R.C. § 752, the amount of the partnership liabilities of Leadbetter Family, LLP includes aggregate obligations to close the open short sale

EXHIBIT A – Explanation of Items
**Leadbetter Family, LLP**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999 TIN: 81-0519611**

positions in the U.S. Treasury Notes in the amount of $5,012,861.

a. An increase in a partner's share of partnership liabilities is treated as a contribution of money to the partnership under I.R.C. § 752(a). Under I.R.C. § 722, such a constructive contribution increases a partner's outside basis in his partnership interest. When the short sale obligations were assumed by Leadbetter Family, LLP the partnership liabilities of the partnership were increased, and the partners' respective shares of those partnership liabilities were likewise increased, triggering a constructive contribution of cash under I.R.C. § 752(a) that increased their respective outside bases in the partnership under I.R.C. § 722.

b. A decrease in a partner's individual liabilities by reason of the assumption by the partnership of such individual liabilities is treated as a distribution of money to the partner under I.R.C. § 752(b). Under I.R.C. § 733(1), such a constructive distribution reduces a partner's outside basis in their partnership interests. The contribution of the short Treasury Note positions to Leadbetter Family, LLP and the assumption by Leadbetter Family, LLP of the short sale obligations regarding said Treasury Note decreased the individual liabilities of the contributing partners, triggering a constructive distribution of cash under I.R.C. § 752(b) that reduced their respective outside basis in Leadbetter Family, LLP under I.R.C. § 733(1) by the amount of such obligations by $5,012,861.

5. Leadbetter Family, LLP filed an IRC § 754 election to adjust the basis of its assets under IRC § 743(b). It is determined that there is no excess of outside basis over inside basis. Therefore, the IRC § 743(b) adjustment to basis is $0 (zero).

6. Leadbetter Family, LLP has failed to establish its basis in real estate sold during tax year ending December 31, 1999 under any provision of the Internal Revenue Code was greater than zero.

7. Accuracy Related Penalties

- It is determined that the adjustments of partnership items of Leadbetter Family, LLP are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation

EXHIBIT A – Explanation of Items
**Leadbetter Family, LLP**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999 TIN: 81-0519611**

misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that Leadbetter Family, LLP or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Leadbetter Family, LLP. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.

B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.

C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the internal Revenue Code.

D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

Station Name: BOS014WA2464423 Date: 4/5/2006 Time: 10:25:34 AM

INOLES81-0519611 CURRENT BMF N/C LEAD LOC CODE 8131 LUC 200232

CURRENT BMF NAMELINE
LEADBETTER FAMILY LLP
LEADBETTER DAN J GEN PTR
9477 RIVER RD
BOZEMAN MT 59718-0000 000

FILING REQUIREMENTS
1065-1

FISCAL YEAR MONTH 12
PRIOR FISCAL YEAR MONTH 06
EMPLOYMENT CODE 527-POL-ORG-CD N
ESTABLISHMENT YEAR/MONTH 199807
BOD CODE SB BOD CLIENT CODE A DEBT IND N

HOLLAND & HART LLP
THE LAW OUT WEST

**Alan Poe**
**Phone** (303) 290-1616
**Fax** (303) 975-5295
apoe@hollandhart.com

June 28, 2006

**BY EXPRESS MAIL OVERNIGHT DELIVERY**

Internal Revenue Service Center
Fresno, CA 93888-0002

**Re: Cash Deposit under IRC Sections 6603 and 6226(e)**
**Deborah Leadbetter: SSN 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 and Dan Leadbetter: SSN 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**

To Whom It May Concern::

Enclosed as a cash deposit made pursuant to Section 6226(e) and Section 6603 of the Internal Revenue Code and Revenue Procedure 2005-18, 2005-13 IRB 798, is check no. 2212 drawn on the account of the Leadbetter Revocable Trust at Morgan Stanley DW Inc. This amount is deposited with respect to income tax for the above taxpayers' period December 31, 1999 with $1,535,506.00 representing tax for tax year ending December 31, 1999. This payment is remitted in satisfaction of the jurisdictional deposit required under Section 6226(e) of the Internal Revenue Code.

Solely for the purposes of complying with Section 6603, the taxpayers reasonably estimate that the amount of any tax attributable to disputable items for the period ended December 31, 1999 is $1,535,506.00. The calculation of this amount is attached to this letter. The disputable tax relates to the attached Notice of Partnership Administrative Adjustment. The taxpayers do not concede liability, and nothing contained herein should be construed as a concession of any tax, penalty or interest liability.

Please date-stamp the copy of the attached check and sign a copy of this letter and return it to me in the enclosed self-addressed, stamped envelope.

Very truly yours,

Alan Poe
of Holland & Hart LLP
Enclosures

**ACKNOWLEDGED AND RECEIVED:**

By:____________________________
Printed Name:______________________
Date:__________________________
Internal Revenue Service

EXHIBIT
B

3569845_1.DOC

Morgan Stanley

LEADBETTER REV TRUST
9477 RIVER RD
BOZEMAN, MT 59718

2212

Date 6-26-06 25-80/440

Pay to the Order of Internal Revenue Service $ 1,535,506.00

one million, five hundred & thirty five thousand, five hundred & six 00/100 Dollars

Morgan Stanley DW Inc.
Bank One, Columbus, NA
Columbus, Ohio 43271

B

Expense Analyzer