IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **LEADBETTER FAMILY LLP, and DEBORAH LEADBETTER, as Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **NO. 06-492T (Judge Hodges)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**UNITED STATES' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT AND ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rules 56(h)(1) and 56(h)(2) of the Rules of the United States Court of Federal Claims, the United States of America responds to the Plaintiffs' Proposed Findings of Uncontroverted Fact, filed February 1, 2007, and submits additional proposed findings of uncontroverted fact, as follows.[1]

**Response to Plaintiffs' Proposed Findings of Uncontroverted Fact**

1-29. Solely for purposes of the Plaintiffs' motion for summary judgment regarding the limitation periods under 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A), and the United States' cross-motion for partial summary judgment regarding said limitation periods, the United States disputes none of the matters set forth in paragraphs 1 through 29 of the Plaintiffs' Proposed

[1] Although reference is made herein, and in the Plaintiffs' Proposed Findings of Uncontroverted Fact, to "partners," the "Partnership," related entities, and various events comprising the disputed transaction, the United States does not concede the legal existence of a viable partnership or the related entities. We reserve the right to establish at the trial on the merits that any or all of the legal entities and events described herein, or in the Plaintiffs' Proposed Findings of Uncontroverted Fact, should be recharacterized, or set aside and ignored, for federal income tax purposes.

Findings of Uncontroverted Fact.

30-31. The United States objects to paragraphs 30 and 31 of the Plaintiffs' Proposed Findings of Uncontroverted Fact to the extent these proposed findings relate to Jill Connolly, John "Sam" Connolly, Kirk Leadbetter, and Joel Leadbetter, none of whom have appeared in this action, through counsel or otherwise, as permitted by 26 U.S.C. §§ 6226(c) and 6226(d)(1), to assert their statute of limitations defenses, if any, to the adjustments set forth in the Notice of Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS") to Leadbetter Family LLP (the "Partnership") on April 6, 2006.

32-38. Solely for purposes of the Plaintiffs' motion for summary judgment regarding the limitation periods under 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A), and the United States' cross-motion for partial summary judgment regarding said limitation periods, the United States disputes none of the matters set forth in paragraphs 32 through 38 of the Plaintiffs' Proposed Findings of Uncontroverted Fact.

39. The United States objects to paragraph 39 of the Plaintiffs' Proposed Findings of Uncontroverted Fact to the extent this proposed finding relates to Jill Connolly, John "Sam" Connolly, Kirk Leadbetter, and Joel Leadbetter, none of whom have appeared in this action, through counsel or otherwise, as permitted by 26 U.S.C. §§ 6226(c) and 6226(d)(1), to assert their statute of limitations defenses, if any, to the adjustments set forth in the FPAA issued by the IRS to the Partnership on April 6, 2006.

40. The United States does not dispute the contents of the Forms 1065 filed by the Partnership and Win-Del, LLP ("Win-Del") for their taxable periods ending on December 31, 1999. Whether these Forms 1065 furnished "all required information regarding the partners" of

the Partnership and Win-Del, for purposes of 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A)(ii), as the Plaintiffs apparently argue in paragraph 40 of their Proposed Findings of Uncontroverted Fact, is a legal question the Court must resolve.

41-42. The United States objects to paragraphs 41 and 42 of the Plaintiffs' Proposed Findings of Uncontroverted Fact to the extent these proposed findings relate to Jill Connolly, John "Sam" Connolly, Kirk Leadbetter, and Joel Leadbetter, none of whom have appeared in this action, through counsel or otherwise, as permitted by 26 U.S.C. §§ 6226(c) and 6226(d)(1), to assert their statute of limitations defenses, if any, to the adjustments set forth in the FPAA issued by the IRS to the Partnership on April 6, 2006.

**United States' Additional Proposed Findings of Uncontroverted Fact**

Solely for purposes of the Plaintiffs' motion for summary judgment regarding the limitation periods under 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A), and the United States' cross-motion for partial summary judgment regarding said limitation periods, the United States submits the following additional proposed findings of uncontroverted fact, all of which are stipulated by the parties for summary judgment purposes.

43. At all times relevant to this matter, the "Partnership was engaged in the trade or business of ranching, and was not engaged in the trade or business of buying and selling ranches.[2]

44. At all times relevant to this matter, Valley Garden Ranch, Inc. ("Valley Garden") was engaged in the trade or business of ranching, and was not engaged in the trade or business of buying and selling ranches. (Stip. ¶ 2.)

---

[2] *See* Stipulation dated March 21, 2007, submitted herewith ("Stip."), ¶ 1.

45. At all times relevant to this matter, Win-Del was engaged in investment activities. (Stip. ¶ 3.)

46 Exhibit A to the Plaintiffs' Complaint in this action is a true and accurate copy of the FPAA issued by the IRS to the Partnership on April 6, 2006. (Stip. ¶ 4.)

47. The short position described in paragraph 13 of the Declaration of Deborah Leadbetter in Support of Plaintiffs' Motion for Summary Judgment, dated January 25, 2007 (the "Leadbetter Declaration") is a liability within the meaning of 26 U.S.C. § 752. (Stip. ¶ 5.)

48. On Line 23 of the IRS Form 4797 submitted with the Partnership's Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on July 1, 1999 and ending on December 31, 1999, the Partnership reported that the adjusted basis of the Ranch sold by the Partnership on July 15, 1999 (as described in paragraph 18 of the Leadbetter Declaration), was $5,465,378. The adjusted basis of the Ranch must be reduced by approximately $5,012,861.16 in the event the Court sustains the Internal Revenue Service's position in this matter. (Stip. ¶ 6.)

49. Exhibit A to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on July 1, 1999 and ending on December 31, 1999, filed by the Partnership with the IRS on April 15, 2000. (Stip. ¶ 7.)

50. Exhibit B to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on or about June 30, 1999 and ending on December 31, 1999, filed by Win-Del with the IRS on or before April 17, 2000. (Stip. ¶ 8.)

51. Exhibit C to the Leadbetter Declaration is a true and accurate copy of the IRS Form

1120S, U.S. Income Tax Return for an S Corporation, for the taxable year ending on December 31, 1999, filed by Valley Garden with the IRS on or before April 17, 2000. (Stip. ¶ 9.)

52. Exhibit D to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1040, U.S. Individual Income Tax Return, for the taxable year ending on December 31, 1999, filed by Dan J. Leadbetter and Deborah L. Leadbetter with the IRS on April 15, 2000. (Stip. ¶ 10.)

53. Exhibit E hereto is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on January 1, 1999 and ending on June 30, 1999, filed by the Partnership with the IRS on or about March 31, 2000. (Stip. ¶ 11.)

Date: April 11, 2007

Respectfully submitted,

/s/ Richard G. Jacobus
RICHARD G. JACOBUS
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0553
Telefax: (202) 307-2504
EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
DAVID R. HOUSE
Of Counsel

Counsel for Defendant