**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LEADBETTER FAMILY LLP, and DEBORAH LEADBETTER, as Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **NO. 06-492T (Judge Hodges)** |
| **v.** | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

## STIPULATION

Solely for purposes of the Plaintiffs' motion for summary judgment regarding the limitation periods prescribed by 26 U.S.C. §§ 6229 and 6501, and any cross-motion for summary judgment that Defendant, the United States of America, may file respecting such limitation periods, the parties hereby stipulate as follows.

1. At all times relevant to this matter, Leadbetter Family LLP (the "Partnership") was engaged in the trade or business of ranching, and was not engaged in the trade or business of buying and selling ranches.

2. At all times relevant to this matter, Valley Garden Ranch, Inc. ("Valley Garden") was engaged in the trade or business of ranching, and was not engaged in the trade or business of buying and selling ranches.

3. At all times relevant to this matter, Win-Del, LLP ("Win-Del") was engaged in investment activities.

4. Exhibit A to the Plaintiffs' Complaint in this action is a true and accurate copy of the Notice of Final Partnership Administrative Adjustment ("FPAA") issued by the Internal

Revenue Service ("IRS") to the Partnership on April 6, 2006.

5. Solely for purposes of the Court's consideration of the limitation periods prescribed by 26 U.S.C. §§ 6229 and 6501, as applicable in this case, the parties agree that the short position described in paragraph 13 of the Declaration of Deborah Leadbetter in Support of Plaintiffs' Motion for Summary Judgment, dated January 25, 2007 (the "Leadbetter Declaration") is a liability within the meaning of 26 U.S.C. § 752.

6. On Line 23 of the IRS Form 4797 submitted with the Partnership's Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on July 1, 1999 and ending on December 31, 1999, the Partnership reported that the adjusted basis of the Ranch sold by the Partnership on July 15, 1999 (as described in paragraph 18 of the Leadbetter Declaration), was $5,465,378. Solely for purposes of the Court's consideration of the limitation periods prescribed by 26 U.S.C. §§ 6229 and 6501, as applicable in this case, the parties agree that the adjusted basis of the Ranch must be reduced by approximately $5,012,861.16 in the event the Court sustains the Internal Revenue Service's position in this matter.

7. Exhibit A to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on July 1, 1999 and ending on December 31, 1999, filed by the Partnership with the IRS on April 15, 2000.

8. Exhibit B to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on or about June 30, 1999 and ending on December 31, 1999, filed by Win-Del with the IRS on or before April 17, 2000.

9. Exhibit C to the Leadbetter Declaration is a true and accurate copy of the IRS Form

1120S, U.S. Income Tax Return for an S Corporation, for the taxable year ending on December 31, 1999, filed by Valley Garden with the IRS on or before April 17, 2000.

10. Exhibit D to the Leadbetter Declaration is a true and accurate copy of the IRS Form 1040, U.S. Individual Income Tax Return, for the taxable year ending on December 31, 1999, filed by Dan J. Leadbetter and Deborah L. Leadbetter with the IRS on April 15, 2000.

11. Exhibit E hereto is a true and accurate copy of the IRS Form 1065, U.S. Partnership Return of Income, for the taxable period beginning on January 1, 1999 and ending on June 30, 1999, filed by the Partnership with the IRS on or about March 31, 2000 (excluding any and all handwritten notations, interlineations, and/or marginalia inserted on this document after its filing with the IRS).

12. Exhibit F hereto is a true and accurate copy of the IRS Form 1040, U.S. Individual Income Tax Return, for the taxable year ending on December 31, 1999, filed by Joel Leadbetter and Dawn Leadbetter with the IRS on or before April 17, 2000 (excluding any and all handwritten notations, interlineations, and/or marginalia inserted on this document after its filing with the IRS).

13. Exhibit G hereto is a true and accurate copy of the IRS Form 1040, U.S. Individual Income Tax Return, for the taxable year ending on December 31, 1999, filed by John Connolly and Jill Connolly with the IRS on or before April 17, 2000 (excluding any and all handwritten notations, interlineations, and/or marginalia inserted on this document after its filing with the IRS).

14. Exhibit H hereto is a true and accurate copy of the IRS Form 1040, U.S. Individual Income Tax Return, for the taxable year ending on December 31, 1999, filed by Kirk Leadbetter

and Kathleen Leadbetter with the IRS on or before April 17, 2000. Should the IRS locate the signed original 1999 Form 1040 filed by Kirk and Kathleen Leadbetter, the parties reserve the right to substitute a copy of the signed original Form 1040 for Exhibit H.

Date: March 21, 2007

Respectfully submitted,

/s/ Adam M. Cohen

Adam M. Cohen
(by Richard G. Jacobus with Mr. Cohen's consent)
Attorney of Record
Alan Poe
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8372
Telefax: (303) 295-8261

Counsel for Plaintiffs

/s/ Richard G. Jacobus

RICHARD G. JACOBUS
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0553
Telefax: (202) 307-2504
EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
DAVID R. HOUSE
Of Counsel

Counsel for Defendant