## II. STATEMENT OF CASE

History of the Ranch. Valley Garden Ranch, Inc. ("Valley Garden") was incorporated on June 23, 1947, in Colorado[1], where it operated three ranches from 1947 to 1951.[2] In 1951, Valley Garden began operating a ranch in Ennis, Montana (the "Ranch").[3] Valley Garden continued to operate the Ranch until 1999.[4]

Ownership of Valley Garden. Beginning in about 1980, Deborah Leadbetter's mother gifted stock in Valley Garden to the Mrs. Leadbetter, her husband (Dan J. Leadbetter), her children, her sister and her sister's family.[5] In 1986, on her mother's death, Mrs. Leadbetter inherited the remainder of the stock in Valley Garden held by her mother.[6] In 1987, Mrs. Leadbetter, her husband, and her children acquired the stock in Valley Garden held by the Mrs. Leadbetter's sister's family.[7] From 1987 to the present, the shareholders of Valley Garden (and their percentage ownership of the outstanding stock) have been Mrs. Leadbetter (42.806%), her husband (35.859%), Joel Leadbetter (7.117%), Kirk Leadbetter (7.117%), Jill Connolly (6.348%) and John "Sam" Connolly (0.753%). From 1988 to the present, Valley Garden has been an S corporation.[8]

---

[1] *See* Certified Copy of Certificate of Articles of Incorporation for Win-Del Ranches, Inc. and Certified Copy of Certificate of Articles of Amendment for Valley Garden Ranch, Inc., attached as Pl. Ex. 3.

[2] Prop. Finding 2 citing Decl. ¶ 2 and Certified Copy of Certificate of Limited Partnership for Win-Del LLP, attached as Pl. Ex. 2.

[3] Prop. Finding 3 citing Decl. ¶ 3.

[4] *Id.*

[5] Prop. Finding 4 citing Decl. ¶ 4.

[6] Prop. Finding 5 citing Decl. ¶ 5.

[7] Prop. Finding 6 citing Decl. ¶ 6.

[8] Prop. Finding 7 citing Decl. ¶ 7.

Formation of the Partnership. On June 24, 1998, the Partnership was formed with the Montana Secretary of State[9] and Mrs. Leadbetter and various members of her family made cash contributions to the Partnership to acquire interests in the Partnership.[10] Effective as of December 31, 1998, Valley Garden contributed most of the Ranch to the Partnership in exchange for a 99.97992% interest in the Partnership.[11]

On July 10, 1998, Valley Garden entered into a short sale of 5,000,000 U.S. Treasury Notes, bearing a 5.375% coupon due on June 30, 2000, dated June 30, 1998.[12] This short sale resulted in cash proceeds of $5,256,338.48.[13] On July 13, 1998, Valley Garden transferred the short position and the cash proceeds to the Partnership.[14] The Partnership closed the short sale on July 16, 1998 at a cost of $5,012,861.16.[15]

As of January 1, 1999, Mrs. Leadbetter owned a 0.00859% interest in the Partnership and her husband owned a 0.00721% interest.[16] At that time, Joel Leadbetter held a 0.00143% interest, Kirk Leadbetter held a 0.00143% interest, Jill Connolly held a 0.00126% interest, John "Sam" Connolly held a 0.00016% interest and Valley Garden held a 99.97992% interest.[17]

---

[9] *See* Certified Copy of Certificate of Limited Partnership for Leadbetter Family FLP, attached as Pl. Ex. 1.

[10] Prop. Finding 10 citing Decl. ¶ 9.

[11] Prop. Finding 11 citing Decl. ¶ 10.

[12] Prop. Finding 12 citing Decl. ¶ 11.

[13] Prop. Finding 13 citing Decl. ¶ 12.

[14] Prop. Finding 14 citing Decl. ¶ 13.

[15] Prop. Finding 15 citing Decl. ¶ 14.

[16] Prop. Finding 16 citing Decl. ¶ 15.

[17] *Id.*

On June 30, 1999, Valley Garden transferred a 98.47992% interest in the Partnership to Win-Del, LLP ("Win-Del"), retaining a 1.5% interest in the Partnership.[18] At approximately the same time, Mrs. Leadbetter and her husband each contributed $250.00 to Win-Del for an interest in Win-Del.[19]

Sale of the Ranch. On July 15, 1999, the Partnership sold the Ranch for $6,700,000.[20] The Partnership reported this sale on its IRS Form 1065 for the 1999 Tax Year (the "Partnership's Return").[21] The Partnership's Return was filed on or before April 17, 2000.[22]

The gain on the sale of the Ranch was reported as gain on the sale of property used in the Partnership's trade or business on line 6 of Schedule K of the Partnership's Return, which requires IRS Form 4797 to be attached.[23] This gain was reported on line 6 of the Form 4797 that was attached to the Partnership's Return.[24] The detail of the transaction was reported on lines 20 through 23 of that form. Line 20 of the Form 4797 attached to the Partnership's Return stated the "gross sales price" as $6,700,000.[25] Lines 21 and 23 of that form disclosed the costs of the property as $5,465,378.[26] Line 6 of each Schedule K-1 issued by the Partnership to its partners for the 1999 Tax Year contained each partner's proportionate share from the sale.[27]

---

[18] Prop. Finding 17 citing Decl. ¶ 16.

[19] Prop. Finding 18 citing Decl. ¶ 17.

[20] Prop. Finding 19 citing Decl. ¶ 18.

[21] Prop. Finding 20 citing Decl. ¶ 19 and Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

[22] *Id.*

[23] Prop. Finding 21 citing Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

[24] Prop. Finding 22 citing Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

[25] Prop. Finding 23 citing Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

[26] Prop. Finding 24 citing Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

[27] Prop. Finding 25 citing Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

Win-Del and Valley Garden each reported its share from the sale to its partners and shareholders on its tax return for the 1999 Tax Year and on the Schedule K-1s issued by each of them for that year to its partners.[28] Mrs. Leadbetter, Dan Leadbetter, Joel Leadbetter, Kirk Leadbetter, Jill Connolly and John "Sam" Connolly (the "Relevant Taxpayers") each reported (and paid tax on) his or her share from the sale on IRS Forms 1040 for the 1999 Tax Year, each of which was filed on or before April 17, 2000.[29] None of the Partnership, Win-Del, Valley Garden or any of the Relevant Taxpayers agreed to any extension of the periods provided for the assessment of income taxes for the 1999 Tax Year.[30]

The IRS Proceedings. On February 10, 2006, the IRS sent a Notice of Beginning of Administrative Proceedings to the Partnership and its partners.[31] The IRS sent Information Document Requests to Mrs. Leadbetter and her husband on February 9, 2006.[32] Mrs. Leadbetter and her husband responded on March 17, 2006.[33] On April 6, 2006, the IRS sent the FPAA to the Partnership and its partners.[34] The FPAA proposed an adjustment to the Partnership's treatment of its sale of the Ranch, by decreasing the Partnership's basis in the Ranch and therefore increasing the tax on the sale of the ranch.[35] On June 30, 2006, the Partnership and

---

[28] Prop. Finding 27 citing Win-Del 1999 Form 1065, attached as Pl. Ex. B to Decl. and Prop. Finding 29 citing Valley Garden 1999 Form 1120S, attached as Pl. Ex. C to Decl.

[29] Prop. Finding 30 citing Decl. ¶ 22-23; *See, e.g.*, Leadbetter 1999 Form 1040, attached as Pl. Ex. D to Decl.

[30] Prop. Finding 39 citing Decl. ¶ 26.

[31] *See* Notice of Beginning of Administrative Proceeding.

[32] *See* Form 4564, Information Document Request.

[33] Prop. Finding 34 citing Decl. ¶ 25.

[34] *See* Notice of Final Partnership Administrative Adjustment, attached to Comp. for Readjustment of Partnership Items.

[35] *Id.*

Mrs. Leadbetter, as the tax matters partner of the Partnership, filed their complaint in this Court.[36] The United States answered on October 30, 2006.[37]

## III. SUMMARY OF ARGUMENT

26 U.S.C. § 6501(a) provides that the taxes for a tax year must be assessed within three years after the return for that tax year was filed. 26 U.S.C. § 6229(a) provides that the period for assessing any tax that is attributable to any partnership item for a partnership tax year shall not expire before the date which is three years after the later of (1) the date on which the partnership return was filed or (2) the last day for filing such return for such tax year (determined without regard to extensions). The three-year periods provided by 26 U.S.C. § 6229 as to the Partnership and Win-Del expired on April 17, 2003. The three-year periods provided by 26 U.S.C. § 6501 as to each of the Relevant Taxpayers expired on April 17, 2003. Since the period within which taxes for the 1999 Tax Year must be assessed expired long before the FPAA was issued, Plaintiffs are entitled to summary judgment in their favor.

## IV. ARGUMENT AND AUTHORITIES

### A. <u>This Motion Satisfies the Applicable Standard for Summary Judgment</u>

The Plaintiffs submit that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.[38] The mere existence of some factual dispute will not defeat summary judgment; only disputes over facts that might affect the outcome of the case will bar summary judgment.[39]

---

[36] *See* Comp. for Readjustment of Partnership Items.

[37] *See* Answer.

[38] RCFC 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Anchor Sav. Bank, F.S.B. v. United States*, 59 Fed. Cl. 126, 140 (2003).

[39] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-8; *Southwest Inv. Co. v. United States*, 63 Fed. Cl. 182, 192 (2004).